NO. 07-05-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 11, 2006
_____

BRETT THOMAS BAIRD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY CRIMINAL COURT OF DENTON COUNTY;

NO. 2004-09096-C; HONORABLE DAVID D. GARCIA, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**OPINION**

Appellant, Brett Thomas Baird, appeals his conviction for violation of duty upon striking a fixture or landscaping legally on or adjacent to a highway. Appellant was sentenced to 120 days incarceration in the Denton County Jail, probated for 15 months, and fined $1,000. We affirm.

Background

At or about 12:30 a.m., on Saturday, October 30, 2004, appellant lost control of the vehicle he was driving, jumped a curb, and struck a fence. The accident caused significant damage to the fence and appellant's vehicle. Following the accident, appellant made a brief inspection of the area and then moved his car down the street. As the accident occurred near appellant's home, appellant abandoned his car and walked to his house. Soon after appellant arrived at his home, a police officer knocked on his door. When appellant answered the door, he immediately acknowledged that he had been involved in an accident and informed the officer where his car was located.

On Sunday afternoon, appellant phoned the owner of the fence and provided the owner with his name, address, and phone numbers. Appellant later reported the incident to his insurance company, who paid to repair the damage to the fence.

Subsequently, appellant was charged with committing the offense of violation of duty upon striking a fixture or landscaping legally on or adjacent to a highway. See TEX. TRANSP. CODE ANN. § 550.025 (Vernon 1999).[1] Prior to trial, appellant filed a motion to declare section 550.025 unconstitutionally void for vagueness and a motion to set aside the information. Appellant's contention in support of his constitutional challenge was that section 550.025, by indicating only that reasonable steps must be taken to provide the owner of the damaged property certain information, failed to provide fair notice of the

---

[1]Further reference to a provision of the Texas Transportation Code will be by reference to "section __" or "§ __."

2

conduct that was required. Appellant's contention in support of his motion to set aside the information was that the information omitted the word "only" and, therefore, failed to state an offense. The trial court denied each of these motions. Following a jury trial, appellant was convicted of the charged offense.

By three issues, appellant appeals. In the order that we will address these issues, appellant contends that (1) the evidence was factually insufficient to support his conviction, (2) the trial court erred in denying appellant's motion to set aside the information, and (3) the trial court erred in denying appellant's motion to declare section 550.025 unconstitutional.

Factual Sufficiency

Appellant contends that the evidence presented at his trial was factually insufficient to support his conviction. Specifically, appellant alleges that the evidence failed to prove, beyond a reasonable doubt, that he failed to take "reasonable steps" to provide the owner of the damaged property with the statutorily required information. Appellant does not challenge the sufficiency of the evidence establishing the other elements of the offense.

In a factual sufficiency review, we must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be factually insufficient. First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence,

3

the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. However, the court reviewing the factual sufficiency of the evidence must give proper deference to the fact finder's determinations and may not substitute its judgment for that of the fact finder. Id. at 481-82. If we conclude that the evidence was factually sufficient to support the conviction, we must address appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant contends that the evidence showed that his actions on the night of the accident were motivated by an attempt to take reasonable steps to report the accident to the police. This contention was hotly contested by the State. However, whether appellant took reasonable steps to cooperate with or provide information as part of the police investigation is not relevant to whether the evidence was factually sufficient to establish that appellant failed to take reasonable steps to notify the property owner.

The facts of appellant's notification of the property owner are not in dispute. At the time of the accident, appellant made no attempt to contact the owner of the fence. Appellant made no attempt to contact the owner of the fence throughout October 30th. Appellant did contact the owner, by telephone, during the afternoon of October 31st, between 36 and 38 hours after the accident. Appellant's argument acknowledges this evidence and then summarily concludes that this evidence was "clearly not factually sufficient" to prove that he failed to take reasonable steps to notify the property owner. We disagree.

4

By its verdict, the jury found that appellant failed to take reasonable steps to notify the property owner. As the undisputed evidence was that appellant failed to notify the property owner until 36 to 38 hours after the accident, the jury, by its verdict, impliedly found that a 36 to 38 hour delay was unreasonable. Appellant does not challenge the sufficiency of the evidence establishing that there was a 36 to 38 hour delay in his notification to the property owner; rather, appellant's contention is that notification within 36 to 38 hours constitutes "reasonable steps" under section 550.025. Clearly the evidence was sufficient to prove the delay. We will not substitute our judgment for that of the jury as to whether a 36 to 38 hour delay constitutes "reasonable steps." We overrule appellant's issue.

## Information

Section 550.025 makes it a criminal offense to fail to take reasonable steps to notify a property owner or the person in charge of property after an operator of a vehicle is "involved in an accident resulting only in damage to a fixture or landscaping legally on or adjacent to a highway . . . ." § 550.025(a). The information that was filed in this case alleges that appellant drove a vehicle "that became involved in an accident resulting in damage to a fixture or landscaping . . . legally on or adjacent to a highway . . . ." Appellant contends that, because the information failed to allege that the accident resulted only in damage to a fixture or landscaping, the information failed to allege an offense.

The presentment of an indictment or information to a court invests the court with jurisdiction over the cause. TEX. CONST. art. V, § 12; Ex parte Long, 910 S.W.2d 485, 486

5

(Tex.Crim.App. 1995). After jurisdiction vests, a defendant has a duty to object to any defects in the charging instrument, whether of form or substance, or they are waived. TEX. CRIM. PROC. CODE ANN. art. 1.14 (Vernon 2005); Ex parte Long, 910 S.W.2d at 486. In the present case, appellant preserved error in the information, if any, by filing a pretrial motion to set aside the information.

An appellate court reviews the sufficiency of a charging instrument *de novo*. See State v. Hoffman, 999 S.W.2d 573, 574 (Tex.App.–Austin 1999, no pet.). A charging instrument will be deemed sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged . . . ." TEX. CRIM. PROC. CODE ANN. art. 21.11 (Vernon 1989). A charging instrument which substantially follows statutory language will ordinarily be sufficient, so long as the instrument sufficiently apprises the defendant of the acts he is charged with committing and the offense with which he is charged. Sanders v. State, 642 S.W.2d 860, 863 (Tex.App.–Fort Worth 1982, writ ref'd) (citing Reagan v. State, 423 S.W.2d 335, 337 (Tex.Crim.App. 1967)). For appellant to successfully challenge the trial court's failure to set aside the information, he must prove that he was harmed as a result of the information's deficiency. See Labelle v. State, 720 S.W.2d 101, 107-08 (Tex.Crim.App. 1986).

In the present case, the information substantially tracked the language of section 550.025. Appellant's sole complaint is that the information failed to allege that the accident resulted only in damage to a fixture. However, the information alleged only damage to a

6

fixture: a wooden fence. Further, appellant has failed to prove that he was harmed by the alleged deficiency of the information.[2] Our review of the record, including appellant's motion to set aside the information,[3] clearly illustrates that appellant was aware of the offense for which he was charged and the acts upon which the charge was predicated. As a result, we conclude that the information was sufficient to apprise appellant of the acts he was charged with committing and the offense with which he was charged. See Sanders, 642 S.W.2d at 863. Therefore, we overrule appellant's issue.

Void for Vagueness

As mentioned previously, a person involved in an accident in which a fixture or landscaping on or adjacent to a highway is struck must take reasonable steps to locate and notify the owner or person in charge of the property of the accident. § 550.025(a)(1). Appellant contends that section 550.025 is void for vagueness on its face because it violates the Fourteenth Amendment of the United States Constitution. Specifically, appellant contends that the phrase "reasonable steps," which is not defined by the statute, is unconstitutionally vague because it fails to provide fair notice of the forbidden conduct.

---

[2]Appellant asserts that he was harmed when the jury was charged with an application paragraph which omitted the requirement that damage was caused only to landscaping or a fixture. However, appellant failed to object to this alleged defect in the charge. Therefore, any error in the jury charge would have to have been so egregious that it deprived appellant of a "fair and impartial trial." Almanza v. State, 686 S.W.2d 157, 160, 172 (Tex.Crim.App.1984). We conclude that the omission of the word "only" in this charge was not such an egregious error as to have deprived appellant of a fair and impartial trial.

[3]In appellant's motion, he cites section 550.025 to establish that the information omitted the word "only." Thus, it is clear that appellant was aware of the offense with which he was charged.

Appellant advances no argument, at trial or on appeal, that the statute was unconstitutionally vague as applied to him.

When reviewing the constitutionality of a statute, we begin with the presumption that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978). The burden of proving the challenged statute unconstitutional rests on the party asserting the challenge. Id. We will uphold a statute if it can be reasonably construed in a manner that will render it constitutional. See Ely v. State, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979). When First Amendment rights are not implicated, a criminal statute is unconstitutionally vague unless it gives a person of ordinary intelligence reasonable notice of what is prohibited or required and establishes determinate guidelines for law enforcement. See Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Long v. State, 931 S.W.2d 285, 287 (Tex.Crim.App. 1996).

While criminal statutes must be scrutinized with particular care, City of Houston v. Hill, 482 U.S. 451, 459, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), a statute provides fair notice of prohibited or required conduct and adequate guidelines for law enforcement if it communicates its reach in words of common understanding. See State v. Markovich, 77 S.W.3d 274, 280 (Tex.Crim.App. 2002). A statute is not rendered vague or indefinite merely because its words or phrases are not specifically defined. State v. Edmond, 933 S.W.2d 120, 126 (Tex.Crim.App. 1996). Terms that are not defined in a statute are to be given their plain and ordinary meaning. Floyd v. State, 575 S.W.2d 21, 23 (Tex.Crim.App. 1978). When a statute is challenged as being unconstitutionally vague and no First

8

Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. Bynum v. State, 767 S.W.2d 769, 774 (Tex.Crim.App. 1989). When challenging the constitutionality of a statute, a defendant must first make a showing that the statute is unconstitutional as applied to him; that it may be unconstitutional as to others is not sufficient. See Santikos v. State, 836 S.W.2d 631, 633 (Tex.Crim.App. 1992) (op. on reh'g); Bynum, 767 S.W.2d at 774.

In the present case, appellant has failed to identify how section 550.025 was unconstitutionally vague as applied to him. In his brief, appellant compares the notice required under section 550.025 to the notice required under section 550.024 and concludes that section 550.025 is comparatively vague.[4] Additionally, appellant challenges

---

[4]While we conclude that appellant has no standing to challenge Section 550.025 as facially vague, we note that differences in the nature of the damaged property covered by sections 550.024 and 550.025 necessitate that the statutes differ. Section 550.024 provides that the operator of a vehicle that damages an unattended vehicle shall "immediately" provide the statutory notice to the owner of the unattended vehicle. However, in the instance of fixtures or landscaping on or near a highway that is "owned" by the State of Texas, immediate notice would rarely be possible. However, when immediate notice can be and is given, the duty to take reasonable steps to notify the owner of the damaged property has been discharged. As such, the "immediate" notice required by section 550.024 is subsumed within the "reasonable steps" requirement of section 550.025.

Additionally, the written notice authorized by section 550.024 would generally be impracticable when the damaged property is a fixture or landscaping. Again, in the instances of fixtures or landscapiing owned by the State, allowing an operator of a vehicle that strikes that property to leave written notice at the scene of the accident would generally fail to provide any efficacious notice to the State. Further, determining how one would leave written notice in a conspicuous place or would securely attach notice in a plainly visible way to fixtures or landscaping would present separate problems of clarity. However, as the present circumstances were such that appellant could have left written notice in a conspicuous place or securely attached written notice in a plainly visible way, had he done so, we believe that such action would have been evidence that appellant took

9

section 550.025 as unconstitutionally vague because it provides no deadline for the required notice, does not identify whether the notice may be provided telephonically or in writing, and does not indicate whether providing the required information to the police is sufficient. While we believe that the statute does address each of these issues by establishing a reasonable person standard, appellant's argument is limited to whether the statute is valid facially. Appellant failed to present evidence at trial and fails to contend on appeal that a person of ordinary intelligence would believe that a 36 to 38 hour delay in reporting an accident, in the present circumstances, would constitute "reasonable steps," as required by the statute.[5] As such, appellant has failed to identify how section 550.025 was unconstitutionally vague <u>as applied to him</u>. Accordingly, we conclude that, by failing to establish that section 550.025 was unconstitutionally vague as applied to him, appellant has waived his challenge to the statute. See <u>Santikos</u>, 836 S.W.2d at 633; <u>Bynum</u>, 767 S.W.2d at 774. Therefore, we overrule appellant's issue.

Conclusion

---

reasonable steps to provide the statutory notice.

[5]Appellant summarily contends, as part of his factual sufficiency challenge, that providing the statutorily required notice within 36 to 38 hours should constitute "reasonable steps." However, appellant does not contend that a person of ordinary intelligence in the circumstances that he was in would have believed that providing the statutory notice 36 to 38 hours after the accident would constitute taking "reasonable steps" under the statute. To show that the statute was unconstitutionally vague as applied to him, this was appellant's burden. See <u>Ex parte Granviel</u>, 561 S.W.2d at 511.

10

Finding no proof of reversible error, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Quinn, C.J., concurring as to result.


Publish.

11