**Affirmed and Memorandum Opinion filed August 16, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00774-CR
NO. 14-17-00775-CR

**LESLIE JONES BURKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law
Polk County, Texas
Trial Court Cause Nos. 2017-0227 & 2017-0228**

## M E M O R A N D U M   O P I N I O N

Appellant Leslie Jones Burks appeals her convictions for the misdemeanor offenses of failure to notify after (1) striking an unattended vehicle and (2) striking a structure, fixture, or highway landscaping. On appeal, appellant challenges the evidentiary sufficiency to support the convictions. We affirm.

## Background

On an April morning in 2017 in Livingston, Texas, appellant, while driving to work in her sport utility vehicle, struck Melissa Wiggins's vehicle while it was parked on the street outside a law firm. Appellant also struck the law firm's mailbox, dragging it some distance from its original location. Appellant did not stop but continued driving.

The Polk County District Attorney charged appellant by information with intentionally and knowingly (1) failing to immediately stop and locate the owner of the unattended vehicle or to leave a written notice providing her information on the unattended vehicle and (2) failing to take reasonable steps to locate or notify the owner of the mailbox after being involved in an accident causing only damage to a fixture legally on or adjacent to a highway.[1] At her trial, the following evidence was presented.

An employee of a nearby bank, Mystique Rowell, saw appellant's vehicle hit Wiggins's vehicle, drive over a curb, and then drive away. Rowell called 911 and reported the accident. Wiggins and Theron Williams, both employees of the law firm, heard a loud noise that they determined came from outside the office. Wiggins and Williams went outside and discovered that Wiggins's vehicle had been struck and damaged. Livingston Police Department Officer Brandon Brewer arrived at the scene in response to Rowell's 911 call and began investigating the accident.

Meanwhile, appellant arrived at her office. There, according to appellant, another person told appellant that the front tire on appellant's vehicle was flat. Appellant testified that she only then realized she had been in an accident. Appellant

---

[1] *See* Tex. Transp. Code §§ 550.024, 550.025. It is undisputed that the damages involved made these offenses Class B misdemeanors. *See id.* §§ 550.024(b)(2), 550.025(b)(2).

called her husband and asked him to come repair the flat. She then took another car to deposit money at a local bank. Appellant testified that, as she returned from the bank nearly two hours after the accident, appellant retraced her morning route to determine where the collision occurred. She noticed Wiggins's damaged vehicle outside the law firm. Appellant went inside, discovered Wiggins owned the vehicle, and explained that she was the person who had damaged it. She provided Wiggins with her insurance and contact information. Wiggins knew appellant and was aware appellant suffered from seizures. When Wiggins asked appellant if the accident resulted from a seizure, appellant replied, "No, it wasn't that. It was just not enough sleep and too much medication." Appellant also provided Williams with her insurance information so a claim could be made regarding the firm's mailbox.

After providing her insurance information to Wiggins and Williams, appellant went to the Livingston Police Department and met with Brewer. Appellant told Brewer she had been "distracted by drinks inside the cab area" of her vehicle, and she left the scene because she "panicked." Appellant said nothing to Brewer about medication or tiredness causing the collision, nor did she explain that she had not been aware of the collision when it occurred.

A surveillance video from a nearby business depicted appellant's white vehicle striking the mailbox while she was driving on the grassy verge on the wrong side of the road. Photographic evidence showed that Wiggins's vehicle was parked on the same side of the road as the mailbox. Thus, to strike Wiggins's vehicle and the mailbox, appellant had to cross from her lane of traffic, through the lane designated for oncoming traffic, and onto the shoulder of the opposite side of the street. Another surveillance video showed appellant's vehicle shortly after the collision, still being driven on the wrong side of the road and causing an oncoming car to take evasive action to avoid colliding with appellant's vehicle.

At trial, appellant testified that she let go of the steering wheel of her vehicle to prevent two large cups of iced tea from spilling. At the time, appellant said, she did not know she had hit Wiggins's vehicle or the mailbox; instead, she believed she had only bumped a curb. She continued driving to work, allegedly unaware of the damage to the car and mailbox. Once she discovered the damage to her own vehicle, she immediately "back-traced" her morning route and discovered she had hit Wiggins's vehicle and the mailbox. She then provided her insurance information to Wiggins and Williams so that they could make claims for their damages.[2]

After hearing the evidence and counsel's argument, the trial court found appellant guilty of both offenses. Appellant and the State agreed on a six-month punishment, probated for twelve months, and 48 hours of community service for both offenses. The parties also agreed on a $1,250 fine for the mailbox case only. The trial court approved the plea bargain and sentenced appellant accordingly. This appeal timely followed.

## Analysis

In a single issue in each cause number, appellant asserts that the evidence is legally insufficient to sustain her convictions.

### A. Standard of Review

When addressing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the verdict, any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012 (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). The finder of fact is the

---

[2] Appellant's insurance covered the damage to Wiggins's vehicle and the law firm's mailbox.

4

sole judge of the weight and credibility of the evidence. *See Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016). Thus, we may not re-evaluate the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448-49; *see also Blea*, 483 S.W.3d at 33. The factfinder may accept or reject all or any part of a witness's testimony. *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018).

## B. Failure to Notify on Striking an Unattended Vehicle

As to her conviction for failing to notify on striking an unattended vehicle, appellant does not dispute that she did not immediately stop and notify Wiggins that she had hit Wiggins's vehicle. Instead, appellant's sufficiency challenge rests on her contention that she immediately took steps to notify Wiggins about the incident as soon as appellant became aware of it. But viewing the evidence described above in the light most favorable to the verdict,[3] the trial court could have found beyond a reasonable doubt that appellant knew she had struck Wiggins's vehicle at the time the collision occurred, and she failed in her duty to immediately notify Wiggins of the accident.

Under Transportation Code section 550.024, it is a misdemeanor offense if the operator of a vehicle that collides with and damages an unattended vehicle fails to "immediately" stop and (1) locate the owner of the unattended vehicle or (2) leave

---

[3] *See Crabtree*, 389 S.W.3d at 824.

a conspicuous written notice providing the name and address of the operator and a statement of the circumstances of the collision. Tex. Transp. Code § 550.024.

Here, Wiggins and Williams both testified that they heard a loud noise when the accident occurred, and they heard the noise while inside the law firm building. The trial court reasonably could have inferred that the sound resulting from the collision was audible inside appellant's vehicle, making appellant aware of the collision at the moment of impact. Further, appellant told Officer Brewer that she left the scene of the accident because she "panicked." From this evidence, the trial court reasonably could have believed that appellant knew she hit Wiggins's vehicle at the time of the accident. Finally, although appellant testified that she thought she only hit a curb, the trial court was free to disbelieve her testimony. *See Febus*, 542 S.W.3d at 572 ("A jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony.").

For the foregoing reasons, we conclude that the trial court could have found beyond a reasonable doubt that appellant was aware she collided with Wiggins's unattended vehicle when the collision occurred, and she failed to immediately stop and provide Wiggins the requisite information. *Cf. Costilla v. State*, Nos. 03-08-00712-CR, 03-08-00713-CR, 2010 WL 1632646, at *2-3 (Tex. App.—Austin Apr. 23, 2010, no pet.) (mem. op., not designated for publication) (legally sufficient evidence supported conviction for, *inter alia*, violation of section 550.024); *In re W.T.O.*, No. 03-01-00630-CV, 2002 WL 31599094, at *2-3 (Tex. App.—Austin Nov. 21, 2002, no pet.) (mem. op., not designated for publication) (legally sufficient evidence supported adjudication of delinquency for violation of section 550.024); *Kirby v. State*, No. 12-01-0081-CR, 2002 WL 1163795, at *2 (Tex. App.—Tyler May 31, 2002, pet. ref'd) (mem. op., not designated for publication) (conviction for violation of section 550.024 supported by legally sufficient evidence).

We overrule appellant's challenge to the sufficiency of the evidence in trial court cause number 2017-0228.

## C.    Failure to Notify on Striking the Mailbox

In her challenge to the evidentiary sufficiency to support her conviction for failure of her duty on striking the mailbox, appellant asserts that the State failed to prove beyond a reasonable doubt that her actions were not reasonable. Viewing the evidence in the light most favorable to the verdict, however, we conclude that the trial court could have found, beyond a reasonable doubt, that appellant failed to comply with her duties under Texas Transportation Code section 550.025.

Section 550.025 makes it an offense to fail to take "reasonable steps" to notify a property owner or the person in charge of property when an operator of a vehicle is "involved in an accident resulting only in damage to . . . a fixture or landscaping legally on or adjacent to a highway . . . ." Tex. Transp. Code § 550.025(a). Unlike section 550.024, section 550.025 has no specific time requirement associated with the requisite notification. *Compare id.* § 550.024(a) (requiring operator of vehicle that collides with and damages unattended vehicle to "*immediately stop*" and notify owner of unattended vehicle (emphasis added)), *with id.* § 550.025(a) (requiring operator of vehicle involved in an accident involving damage to structure or fixture adjacent to highway to take "*reasonable steps*" to locate and notify owner of property (emphasis added)). *See also Baird v. State*, 212 S.W.3d 624, 629-30 (Tex. App.—Amarillo 2006, pet. ref'd) (discussing constitutionality of section 550.025 and comparing it to section 550.024). Instead, the statute provides that a vehicle operator involved in an accident resulting in damages to a fixture, such as the mailbox here, must "take reasonable steps to locate and notify the owner or person in charge of the property of the accident . . . ." Tex. Transp. Code § 550.025(a)(1).

7

We have located scant authority concerning what constitutes "reasonable steps" under this statute. Most recently, in *Baird v. State*, the Amarillo Court of Appeals concluded that the evidence was factually sufficient to support a conviction under this statute. *Baird*, 212 S.W.3d at 626-27. Baird lost control of the vehicle he was driving, jumped a curb, and hit a fence, causing "significant damage to the fence" and his own vehicle. *Id.* at 626. Because the accident happened near Baird's home, he left his vehicle and walked home. *Id.* Shortly thereafter, a police officer knocked on his door; Baird immediately acknowledged he had been in an accident and told the officer where his car was located. *Id.* But Baird failed to notify the owner of the fence until 36 to 38 hours after the accident. *Id.* at 626-27. A jury found Baird guilty of the offense. *Id.* In affirming Baird's conviction, the Amarillo court explained that it would "not substitute [its] judgment for that of the jury as to whether a 36 to 38 hour delay constitutes 'reasonable steps.'" *Id.* at 627.

In contrast, here, only about two hours elapsed before appellant notified Williams that she had hit the law firm's mailbox. But in today's case, appellant did not simply strike the mailbox; she hit an unattended vehicle and drove over a curb before she ran over the mailbox. And at the time she hit the unattended vehicle, drove over the curb, and collided with the mailbox, she was driving on the wrong side of the road. As in *Baird*, we do not substitute our judgment for the factfinder in deciding whether, in light of the circumstances of this case, appellant's actions in waiting two hours to notify Williams about the mailbox constitute "reasonable steps." *See id.*

Further, in an earlier unpublished opinion, the First Court of Appeals affirmed a conviction for driving while intoxicated and failure to notify after the appellant struck a traffic sign and utility pole wire. *See Watson v. State*, Nos. 01-99-00364-

8

CR, 01-99-00365-CR, 2000 WL 892865, at *1 (Tex. App.—Houston [1st Dist.] July 6, 2000, pet. ref'd). The facts of *Watson* are as follows:

> Bryan police officer Bell testified he saw appellant's car cross over the center stripe of a road shortly after midnight on May 5, 1995. The officer followed appellant's car, which accelerated to a high speed, for just under half a mile. Appellant braked to turn onto a side street, slid past the turn, hit and damaged a traffic sign and utility pole guy wire as he tried to get back to the side street, then turned and accelerated again. The officer turned on the lights and siren of his marked car, but appellant continued driving fast for about three-tenths of a mile. Officer Bell called for back-up. Appellant stopped his car near his home. As the officers were trying to prevent two passengers from exiting, they noticed appellant backing away slowly, as if to sneak away. Appellant failed four field sobriety tests.

*Id.* at *1. On appeal, Watson challenged his conviction under section 550.025 on the grounds that insufficient evidence supported the jury's implied finding that he failed to "take reasonable steps to locate and notify the owner or person in charge" of the property. *Id.* at *2. In affirming Watson's conviction, the court of appeals relied on the following evidence: "(1) appellant knew the accident caused damage, (2) he saw the police car's lights and heard its siren, but did not stop then to report the accident or damage at that time, and ([3]) appellant's not stopping, continuing to drive away at a high rate of speed, and his backing up as if to sneak away indicated he did not intend to notify anyone of the accident or damage." *Id.* The court noted that, although not much time elapsed between appellant's accident and his arrest, the jury could have nonetheless found the essential elements of the offense beyond a reasonable doubt from this evidence. *Id.* at *2-3.

Here, as in *Watson*, appellant's failure to slow down or stop after colliding with Wiggins's vehicle and the mailbox is some evidence that she did not "take reasonable steps to locate and notify the owner or person in charge of the property of the accident . . . ." Tex. Transp. Code § 550.025(a)(1). The video evidence

9

showed that appellant did not merely strike a glancing blow against the mailbox, but that she crossed a lane of oncoming traffic and jumped the curb on the opposite side of the street before squarely striking and destroying the mailbox. Unlike a fence on a solitary road where the owner may be difficult to identify promptly, the mailbox appellant struck was directly in front of a business. Had appellant stopped her vehicle at the time of the incident, she could have identified and notified the owner with little difficulty. Further, the trial court was free to weigh appellant's credibility when considering the inconsistent evidence as to the reason appellant gave for the incident, whether she was aware of the damage caused by the incident, and why she did not stop. Wiggins testified that she posted on social media about the accident, describing the incident and asking anyone who might have information about it to contact either her or the Livingston Police Department. Appellant and Wiggins were "friends" on social media; it was only after Wiggins's social media post that appellant came forward and notified Wiggins about the accident. The factfinder could have reasonably found that, given the overall circumstances, appellant's decision to continue driving and not return for over two hours did not constitute reasonable steps to identify and notify the owner of the mailbox.

In short, based on the evidence a reasonable factfinder could have credited, we conclude that there exists legally sufficient evidence to establish, beyond a reasonable doubt, that appellant failed to take reasonable steps to locate and notify the mailbox's owner. *Cf. Baird*, 212 S.W.3d at 627 (upholding jury's implicit determination that 36 to 38 hour delay in notifying property owner did not constitute "reasonable steps" under section 550.025); *Watson*, 2000 WL 892865, at *2 (appellant's behavior after accident supported jury's implicit finding that he did not intend to notify the property owner of the damage).

Accordingly, we overrule appellant's legal sufficiency challenge in trial court cause number 2017-0227.

## Conclusion

Legally sufficient evidence supports appellant's convictions under Texas Transportation Code sections 550.024, failure of duty on striking an unattended vehicle, and 550.025, failure of duty on striking a structure, fixture, or highway landscaping. We therefore affirm the trial court's judgments in both cases.


/s/ Kevin Jewell
   Justice


Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).