

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00218-CR

_____

ROSA SPEARS, Appellant

v.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. CR-2016-06951-E

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION[1]

## I. INTRODUCTION

A jury found Appellant Rosa Spears guilty of the misdemeanor offense of duty on striking structure, fixture, or highway landscaping. The trial court assessed confinement at thirty days in jail and a $100 fine, suspended imposition of the sentence, and placed Spears on community supervision for nine months. In a single issue, Spears challenges the sufficiency of the evidence to support her conviction. We will affirm.

## II. FACTUAL BACKGROUND

While Spears was driving her Toyota Tundra in Lewisville, Texas, sometime between 11:00 and 11:30 p.m. on Friday, April 22, 2016, she drove off the road and struck a utility pole. The pole broke, and the power in the surrounding area went out. The impact caused the pickup's airbags to deploy and caused major damage to the vehicle. After impact, Spears drove 472 feet and parked the pickup next to a curb before leaving the scene.

A man who lived near the accident scene called 9-1-1 after his power went out and he heard scraping as a vehicle drove down the road. The officers who responded to the scene found a cell phone that was in a leather case with Spears's credit card and her driver's license. They also found a badge wallet containing a Plano Police Department lieutenant's badge that belonged to Spears. Concerned that Spears might

---

[1]*See* Tex. R. App. P. 47.4.

have been injured and unable to obtain medical attention if she had fallen when she left the scene, the officers and a K-9 unit searched the area for her.

Meanwhile, Spears found a woman with a cell phone and asked her to call her former friend Laura Smith because her number was the only phone number she had memorized. Smith, who is an officer with the Lewisville Police Department but was off duty at the time, answered the call and was informed by the woman that Spears had been involved in an accident, that she was okay, but that Spears would like Smith to pick her up. Smith agreed and drove from Bedford to Lewisville.

Smith picked up Spears approximately one-half mile from the accident scene. Spears told Smith that she thought she had fallen asleep prior to the accident. Although Smith did not see any injuries on Spears, she offered to take her to the hospital. Spears declined and said that she had a headache and "was just really tired" and asked instead if she could go to Smith's house, to which Smith agreed. Smith asked Spears if they needed to go get her pickup, but Spears said that she was exhausted and that she would take care of it in the morning. Smith gave Spears the phone number for Tommy Thomas, who serves as the Lewisville Police Department's hit-and-run accident investigator, and told her to call him in the morning.[2]

After they arrived at Smith's house, Spears called her partner and learned that the police were searching for her. Spears then called her watch commander,

---

[2]Smith testified that Spears did not make an accident report to her and that she did not feel that Spears had contacted her in her capacity as a police officer.

3

Lieutenant Michelle Sanders, and told her that she must have fallen asleep while driving and hit a telephone pole. Lieutenant Sanders asked why Spears had not called the police, and Spears said that she "was with someone she should not be with and didn't want to get caught."

The next morning, Spears left a voicemail for Investigator Thomas, identifying herself and stating that she needed to provide her insurance information to him because she had been involved in a crash the night before. In the message, Spears did not provide her insurance information to Investigator Thomas but did leave her phone number. Investigator Thomas returned Spears's call and left a voicemail, but he never heard back from Spears with the required information—her address, her pickup's VIN, and her insurance information. As part of his investigation, Investigator Thomas contacted the owner of the pole, the Texas-New Mexico Power Company, and discovered that the damage to the pole totaled $2,729.90.

During the trial, the jury heard testimony from several officers regarding what actions a driver is required to take after damaging property. Two of the officers specifically testified that when property is damaged, the driver needs to contact the property owner about the damage.

After hearing the testimony above, the jury found Spears guilty of the offense of duty on striking structure, fixture, or highway landscaping as alleged in the indictment. The trial court assessed confinement at thirty days in jail and a $100 fine,

4

suspended imposition of the sentence, and placed Spears on community supervision for nine months. Spears then perfected this appeal.

### III. SUFFICIENT EVIDENCE SUPPORTS CONVICTION

In her sole issue, Spears argues that the evidence is insufficient to support a finding of guilt because she took reasonable steps to notify the property owner after the accident.

### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex.

Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49; *see Blea*, 483 S.W.3d at 33.

## B. Applicable Law

Section 550.025 of the Texas Transportation Code sets forth the offense at issue:

> (a) The operator of a vehicle involved in an accident resulting only in damage to a structure adjacent to a highway or a fixture or landscaping legally on or adjacent to a highway shall:
>
>> (1) take reasonable steps to locate and notify the owner or person in charge of the property of the accident and of the operator's name and address and the registration number of the vehicle the operator was driving; and
>>
>> (2) if requested and available, show the operator's driver's license to the owner or person in charge of the property.
>
> (b) A person commits an offense if the person violates Subsection (a). An offense under this section is:
>
>> . . . .
>>
>> (2) a Class B misdemeanor, if the damage to all fixtures and landscaping is $200 or more.

Tex. Transp. Code Ann. § 550.025 (West Supp. 2017).

6

## C. Analysis

Spears challenges only the sufficiency of the evidence showing that she failed to "take reasonable steps to locate and notify the owner or person in charge of the property." Here, it is undisputed that Spears did not personally take any steps to locate the owner of the utility pole. After parking her pickup next to a curb, Spears left the scene of the accident in Lewisville and travelled to Bedford, where she spent the night. After arriving in Bedford, Spears contacted her watch commander, but Spears did not attempt to obtain information about the owner of the Lewisville utility pole from her watch commander who was with the Plano Police Department. The following day, Spears left a voicemail for the hit-and-run investigator with the Lewisville Police Department but never returned his call. However, Spears states in her brief that "[b]y Monday morning, [her] insurance [company] had already contacted the Texas-New Mexico Power Company and [had] made arrangements to cover the $2,729.90 damages to the pole." Whether reliance upon an agent or third party to locate and notify the property owner of the accident three days after the incident constituted "reasonable steps" was a question for the jury. By its verdict, the jury found that it did not. We cannot substitute our judgment for the jury's.

We hold that the evidence presented at trial and the reasonable inferences to be drawn from the evidence—when viewed in the light most favorable to the verdict—are sufficient to have enabled a rational factfinder to have found beyond a reasonable doubt that Spears failed to take reasonable steps to locate and notify the owner or

7

person in charge of the property of the accident. *See id.*; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Baird v. State*, 212 S.W.3d 624, 627–28 (Tex. App.—Amarillo 2006, pet. ref'd) (refusing to substitute its judgment for the jury's in a factual sufficiency review because the jury held that appellant's failure to contact the property owner for thirty-six to thirty-eight hours after the accident did not constitute "reasonable steps"). We overrule Spears's sole issue.

## IV. CONCLUSION

Having overruled Spears's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 13, 2018