**Opinion issued June 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00609-CR

———————————

## DEMETRIUS DOMONIQUE MITCHELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from County Court at Law No. 1
Wichita County, Texas[1]
Trial Court Case No. 73108-E

## O P I N I O N

While driving on a highway, Demetrius Mitchell lost control of his vehicle,

struck a private residence, and fled the scene without attempting to locate and

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

notify the homeowner of the accident. Mitchell was charged and convicted of violating Section 550.025(a) of the Transportation Code by failing to report "an accident resulting only in damage to a structure adjacent to a highway." TEX. TRANSP. CODE § 550.025(a). In a single issue, Mitchell argues that the trial court erred in denying his motion for directed verdict because Section 550.025(a) does not require a motorist to report an accident when, as here, the damage occurs to private residential property.

We affirm.

## Background

One evening, Mitchell was driving his SUV down Taft Boulevard, a four-lane public road in Wichita Falls, Texas. While driving, he lost control of his vehicle, hit the curb, continued into a yard, and struck a house located at the intersection of Taft Boulevard and Lou Lane, causing several thousand dollars' worth of damage to the house. Mitchell left the scene without calling the police or attempting to contact the homeowner.

The next day, the homeowner tracked down Mitchell's vehicle and spoke with Mitchell's mother, the vehicle's primary insured. Only then did Mitchell call the police and report the accident.

Mitchell was charged by information with violating Section 550.025 of the Transportation Code, in this case a Class B misdemeanor. *See id.* § 550.025(a),

2

(b)(2). As amended, the information alleged that Mitchell, "having been the operator of a vehicle involved in an accident resulting only in damage of $200 or more to a structure legally adjacent to a highway, to-wit: [a] home located at 2400 Lou Lane, Wichita Falls, Texas, intentionally or knowingly fail[ed] to take reasonable steps to locate or notify the owner of [his] name and address."

The case proceeded to trial. At the close of voir dire, Mitchell moved for a directed verdict, arguing that Section 550.025 does not apply when, as here, the property damaged is a private residence. The trial court denied Mitchell's motion. When the State rested, Mitchell re-urged his motion, which the trial court again denied.

The jury found Mitchell guilty, and trial court rendered a judgment of conviction and sentenced him to two day's confinement in county jail, with two days credited for time already served. Mitchell appeals.

## Applicability of Section 550.025

In his sole issue, Mitchell argues that the trial court erred in denying his motion for directed verdict because Section 550.025's reporting duties do not apply when the damage occurs to private residential property.

### A. Standard of review

This appeal presents a single issue of statutory construction, which we review de novo. *Lang v. State*, 561 S.W.3d 174, 180 (Tex. Crim. App. 2018). Our

3

objective in statutory construction is to give effect to the Legislature's intent. *Id.* at 179. To do so, we construe the statutory text according to its plain meaning, unless the text is ambiguous or the plain meaning leads to absurd results the Legislature could not possibly have intended. *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018).

To determine a statute's plain meaning, we read words and phrases in context and construe them according to the rules of grammar and usage. *Id.* We presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Id.*

**B. Analysis**

The statute at issue here is Section 550.025 of the Transportation Code, entitled "Duty on Striking Structure, Fixture, or Highway Landscaping" TEX. TRANSP. CODE § 550.025. As the name suggests, Section 550.025 imposes certain duties on motorists who cause or are otherwise involved in accidents that damage certain types of property. *Id.* § 550.025(a). It provides:

> The operator of a vehicle involved in an accident resulting only in damage to a structure adjacent to a highway or a fixture or landscaping legally on or adjacent to a highway shall:
>
> (1)   take reasonable steps to locate and notify the owner or person in charge of the property of the accident and of the operator's name and address and the registration number of the vehicle the operator was driving; and

> (2) if requested and available, show the operator's driver's license to the owner or person in charge of the property.

*Id.*

As discussed above, Mitchell was convicted of violating Subsection (a)(1) by failing to report an accident resulting only in damage to a structure adjacent to a highway, specifically, a home located at 2400 Lou Lane and adjacent to a four-lane public road, Taft Boulevard. The jury found—and Mitchell does not dispute—that Mitchell was the operator of a vehicle; that the vehicle was involved in an accident that resulted only in damage to a home adjacent to a highway[2]; and that Mitchell failed to take reasonable steps to notify the homeowner of his name and address.

Mitchell argues that these undisputed facts do not constitute an offense under Section 550.025 because the statute "does not create an affirmative duty to report and provide information upon striking private structures located on private property, such as the house at issue in this case." Essentially, Mitchell contends that a private residence does not qualify as a "structure" as that term is used in Section 550.025.

To determine whether the term "structure" includes private residential property, we begin with the term itself. Because the statute does not define the

---

[2] The Transportation Code defines "highway" to mean "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel." TEX. TRANSP. CODE § 541.302(5). Taft Boulevard is a publicly maintained road which is open to the public for vehicular travel and is thus a "highway."

5

term "structure," we may refer to dictionaries to discern its plain meaning. *See Lang*, 561 S.W.3d at 180 ("Courts may consult standard dictionaries in determining the fair, objective meaning of undefined statutory terms.").

The dictionaries to which we have referred offer definitions that are general and broad—definitions that encompass private residential property like the house struck by Mitchell. For example, *Black's Law Dictionary* defines "structure" as "[a] building" or any other "construction, production, or piece of work artificially built up or composed of parts purposefully joined together." *Structure*, BLACK'S LAW DICTIONARY (9th ed. 2009). Likewise, *The New Oxford American Dictionary* defines "structure" as "[a] building or other object constructed from several parts." *Structure*, THE NEW OXFORD AMERICAN DICTIONARY (1st ed. 2001). So too *The Merriam-Webster Online Dictionary*, which defines "structure" as "something (such as a building) that is constructed." *Structure*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/structure (last visited June 3, 2019). None of these definitions are exclusive, i.e., none of them exclude, expressly or impliedly, privately-owned buildings. They are most naturally read as inclusive, i.e., as including both public and private property.

Moreover, the term "structure," as used in Section 550.025, is not modified by language indicating that it should be read as excluding private residential property. The statute does not refer to "public structures" or "governmental

6

structures." Rather, it refers to "structures" in general. Likewise, Section 550.025 requires motorists to report accidents to "the owner or person in charge of the property" damaged. TEX. TRANSP. CODE § 550.025(a). By referring generally to the "owner or person in charge"—and not, say, "the appropriate governmental body"—the statute contemplates a variety of different persons and entities, both public and private, owning property falling within the statute's scope.

The lack of any statutory language modifying the terms "structure" and "owner" is underscored by the fact that, elsewhere, Chapter 550 uses the terms "private" and "public" to modify and limit the applicability of the chapter's various provisions. For example, Section 550.001, which establishes the roads and thoroughfares to which the chapter generally applies, states that Chapter 550 applies to "public place[s]" as well as certain "private access way[s] and parking area[s]." *Id.* § 550.001(2), (3). Likewise, Section 550.041, which grants officers the discretion to investigate and file charges relating to certain accidents, contains an exclusion stating that the section does not apply to "privately owned residential parking area[s]" and certain "privately owned parking lot[s]." *Id.* § 550.041. The upshot is that the Legislature knows how to distinguish between private and public property and knows how to make exceptions to general statutory rules—and would have done so here if it intended to limit the term "structure" to property that is

7

publicly-owned or otherwise exclude private residential property from the statute's scope.

Construing Section 550.025 as requiring a motorist to report an accident resulting in damage to a structure adjacent to highway, regardless whether the structure is privately or publicly owned, makes sense given the statutory context. Section 550.025 is part of the Transportation Code, Chapter 550, Subchapter B. Subchapter B imposes duties on drivers involved in accidents. *Id.* §§ 550.021–.026. None of those duties are based on whether the property at issue is private or public. Thus, Subchapter B appears to stand for the commonsense proposition that when a motorist is involved in an accident, he or she may have a duty to report the accident, provide information, or render aid, regardless whether the property involved is public and private.[3]

---

[3] We further note that, although no court has expressly ruled whether Section 550.025 applies to private property, various courts have affirmed convictions under the statute when the defendant struck private property. *See, e.g.*, *Baird v. State*, 212 S.W.3d 624, 626–27 (Tex. App.—Amarillo 2006, pet. ref'd) (affirming conviction when defendant struck privately-owned fence); *Spears v. State*, No. 02-17-00218-CR, 2018 WL 4354323, at *1–3 (Tex. App.—Fort Worth Sept. 13, 2018, no pet.) (mem. op., not designated for publication) (affirming conviction when defendant struck privately-owned utility pole); *Burks v. State*, No. 14-17-00774-CR, 2018 WL 3911087, at *1, *5 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, no pet.) (mem. op., not designated for publication) (affirming conviction when defendant struck "law firm's mailbox"); *Folkman v. State*, No. 11-03-00152-CR, 2004 WL 212783, at *1–2 (Tex. App.—Eastland Feb. 5, 2004, no pet.) (not designated for publication) (holding that officer had reasonable suspicion for making stop of defendant's vehicle for failure to comply with Section 550.025 when defendant struck privately-owned mailbox); *Watson v. State*, No. 01-99-00364-CR, 2000 WL 892865, at *1–3 (Tex. App.—Houston [1st Dist.] July 6,

Mitchell nevertheless insists that Section 550.025 does not apply to private residential property because Chapter 550, on the whole, does not apply to private residential property. Mitchell bases his argument on Section 550.001, which provides that the chapter applies only to:

(1)     a road owned and controlled by a water control and improvement district;

(2)     a private access way or parking area provided for a client or patron by a business, other than a private residential property, or the property of a garage or parking lot for which a charge is made for storing or parking a motor vehicle; and

(3)     a highway or other public place.

*Id.* § 550.001. Mitchell contends that Subsection (2) excludes all "private residential property" from the scope of Chapter 550, including Section 550.025. We disagree.

First, and as discussed above, Section 550.001, by its plain language, establishes the roads and thoroughfares to which Chapter 550 generally applies. But it does not address, much less limit, the types of property subject to the statute's various reporting provisions.

Second, the statutory language on which Mitchell relies ("private residential property") simply modifies and limits the second category of roads and thoroughfares specified by Section 550.001 ("private access way[s]" and "parking

2000, pet. ref'd) (not designated for publication) (affirming conviction when defendant hit privately-owned utility pole).

9

area[s] provided for a client or patron by a business"). But here, Mitchell was not driving on a private access way or through a parking area when the accident occurred; he was driving down a highway. The cited limiting language is inapposite.

Construing the statute according to its plain meaning, we hold that the reporting duties of Section 550.025 are not limited to public structures but apply when, as here, the operator of a vehicle is involved in an accident resulting only in damage to a privately-owned structure (such as a residence) adjacent to a highway. Accordingly, we overrule Mitchell's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Publish. TEX. R. APP. P. 47.2(b).

10