

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00256-CR
No. 07-23-00268-CR

**EX PARTE LONNIE KADE WELSH**

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court Nos. DCR-6351-23 & DCR-6352-23, Honorable Scott A. Say, Presiding

January 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Lonnie Kade Welsh appeals the trial court's order denying in part his request for habeas corpus relief. He maintains that aspects of the two criminal statutes under which he was charged are unconstitutionally vague. The trial court rejected the contention. We affirm.

The two statutes in play are §§ 22.01(b-1)(2)(B)(i) & (ii) and 22.11(a)(2)(B)(i) & (ii) of the Texas Penal Code. The former provides:

Notwithstanding Subsections (b) and (c), an offense under Subsection (a) is a felony of the third degree if the offense is committed . . . against . . . a

person the actor knows is contracting with the state to perform a service in a civil commitment facility or an employee of that person:

> (i) while the person or employee is engaged in performing a service within the scope of the contract; or

> (ii) in retaliation for or on account of the person's or employee's performance of a service within the scope of the contract.

TEX. PENAL CODE ANN. § 22.01(b-1)(2)(B)(i)–(ii).  The latter states:

> A person commits an offense if, with the intent to assault, harass, or alarm, the person . . . while committed to a civil commitment facility, causes a person who contracts with the state to perform a service in the facility or an employee of that person to contact the blood, seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, any other person, or an animal:

> > (i) while the person or employee is engaged in performing a service within the scope of the contract, if the actor knows the person or employee is authorized by the state to provide the service; or

> > (ii) in retaliation for or on account of the person's or employee's performance of a service within the scope of the contract.

*Id.* § 22.11(a)(2)(B)(i)–(ii).

Appellant attacked, as "facially vague" and, therefore unconstitutional, those portions of the statutes referring to "within the scope of the contract."  The clause purportedly is so because "[t]he law requires a research project and a law degree to find the location of the contract and then to figure out what portion the accused would know the contractor's employee was engaged in performance of the service."  "No common term or dictionary definition eliminates the ambiguity of the statute," according to appellant.

We first address the State's contention that the issue is not one cognizable via a pretrial writ of habeas corpus.  This is correct to the extent that appellant's argument can be read as complaining of how the statute applies to him, personally, that is, if he is

2

complaining about being unable to personally discover the scope of any contract between the State and those who work at the commitment facility. That likens to an "as applied" challenge which is not the fodder of a pretrial writ or an appeal from the denial of same. *Becker v. State*, No. 07-19-00286-CR, 2020 Tex. App. LEXIS 6661, at *8 (Tex. App.—Amarillo Aug. 19, 2020, pet. ref'd) (mem. op., not designated for publication).

Yet, to the extent that his argument could be read as suggesting the statute is constitutionally vague on its face under all circumstances, our Court of Criminal Appeals has recognized that as a potential claim susceptible to resolution via the writ. *Weise v. State*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Even then, though, we cannot say appellant is entitled to relief for the following reason.

When First Amendment rights are not implicated, a criminal statute is unconstitutionally vague if it fails to give a person of ordinary intelligence reasonable notice of what is prohibited or required and to establish determinate guidelines for law enforcement. *Baird v. State*, 212 S.W.3d 624, 629 (Tex. App.—Amarillo 2006, pet. ref'd). It is not vague or indefinite merely because its words or phrases are not specifically defined. *Id.* Indeed, undefined words are afforded their plain meaning when addressing a challenge like that at bar. *See Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018).

Given its context, the phrase "within the scope of the contract" does not deny a person of ordinary intelligence reasonable notice of what is prohibited or otherwise lack determinate guidelines for law enforcement. Nor is it ambiguous. Though undefined, its meaning is easily discernible by a person of ordinary intelligence. The statute encompasses acts committed against one with whom the State contracted to provide

3

services within or to a civil commitment facility. "Within the scope of the contract" refers to the services, duties, or acts for which the State contracted. Just as acting "within the scope of employment" means "the action was 'within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired,'" *see, e.g., Clanton v. Interstate Telecomms., Inc.*, No. 13-19-00107-CV, 2020 Tex. App. LEXIS 3155, at *14 (Tex. App.—Corpus Christi Apr. 16, 2020, no pet.) (mem. op.), "within the scope of the contract" means within the scope of the person's general authority in furtherance of the contract and to accomplish the object of the contract between the State and the victim or the victim's employer. And, it falls upon the State to prove that the victim was performing such duties, services, and the like to satisfy the phrase "within the scope of the contract." That the accused may not know the entire scope of duties, services, or acts for which the State contracted with the victim matters not in the vagueness equation. Such a lack of knowledge may simply mean that the State failed to prove an element of the otherwise unambiguous statute.[1]

We overrule appellant's sole issue and affirm the trial court's order denying his requested writs of habeas corpus.


Brian Quinn
Chief Justice


Do not publish.

---

[1] For example, the State must prove, under § 22.11(a)(2)(B)(i) "the actor knows the person or employee is authorized by the state to provide the service."

4